JAMES PERKINS v. WILLIAM DICKSON, Tutor.

To entitle the vendor, under art. 2591 of the Civil Code, to consider as null an adjudication of property offered for sale for endorsed notes, the purchaser must be put in default by being required to name his endorser.

Parol evidence is admissible to prove what occurred at the time of a judicial sale, or subsequently, in relation to a compliance with the terms of the sale.

Extracts from the inventory of an estate, or from the *procès-verbal* of the sales, when duly certified, are admissible in evidence, without producing copies of the whole of the originals.

APPEAL from the District Court of East Feliciana, *Johnson*, J.

BULLARD, J. This is an action to recover a lot in the town of Clinton, which was adjudicated to the plaintiff at the public sale

---

of the property of the estate of Josiah Nettles.   The essential facts
are stated in the report of the case when before us on a former
occasion, when it was remanded with directions to receive in
evidence the procès-verbal of the sale, without first showing that
the plaintiff had complied with the terms of the sale.   See 17 La.
p. 253.   The result of the second trial was a judgment in favor of
the plaintiff for the lot, and the defendant has appealed.

It appears from the record that after the lot had been adjudicated
to the plaintiff, he proposed to the parish judge to give his notes
with an endorser, according to the terms of sale; but that it was
postponed and not done until the judge resigned his commission.
The plaintiff afterwards called on his successor, and offered to
comply with the terms of the sale, but the judge declined to act.
It is not shown that the plaintiff was ever put in default, or that
the lot was ever afterwards disposed of by the estate.

It is now contended by the defendants, that the purchaser having
neglected to give his notes as required by the conditions of the
sale, the adjudication became absolutely null, as though it had never
taken place, and he relies upon article 2591 of the Civil Code,
which provides, that when a thing is exposed at public sale with
notice that the buyer shall give endorsed notes for the price, he is
bound immediately after the sale, if required, to acquaint the auc-
tioneer, or the seller, with the name of the person whom he offers
for endorser, and if this endorser does not suit the seller, or, in his
absence, the auctioneer, the adjudication is considered as not
having been made.

This argument would have great force if the purchaser had been
put in default, by being required, in the words of the article, im-
mediately after the sale, to name his endorser.   There is no such
proof, and we are not authorized to give effect to that article,
unless a compliance with its conditions is shown by the party claim-
ing the advantage of such failure by the purchaser.   On the con-
trary, it appears from the testimony of Judge Scott, that the plaintiff
was desirous at once of complying with the terms of the sale, and
it is not shown that he was afterwards called on for that purpose.

The court did not, in our opinion, err in admitting parol evidence
to show what occurred at the time of the auction, or afterwards, in
relation to a compliance with the terms of the sale; and extracts

from the inventory, and *procès-verbal* of sales, duly certified, were properly admitted.

But the court erred, in our opinion, in giving judgment for the plaintiff for the lot unconditionally. He should however been required to pay the price, according to the terms of his purchase. In this respect the judgment must be reformed.

It is therefore ordered and decreed that the judgment of the District Court be reversed, that the plaintiff recover the lot described in his petition, with costs in the District Court; but that no writ of possession shall issue, until he shall have paid to the defendant the sum of one hundered and fifty six dollars, with interest at five per cent on one-third, from the 14th of January, 1836, on one-third from the 14th of January, 1837, and on the balance, from the 14th of January, 1838; and that the plaintiff pay the costs of this appeal, provided that the defendant shall not take out execution until after thirty days from the filing of the mandate in the court below.

*Muse*, for the plaintiff.

*J. P. Bullard*, for the appellant.